

**FILED**
NOV 06 2017

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

Samuel Maldonado,
*Petitioner*

CASE NO.: 16-2017-CA-6704
DIVISION: CV-B

VS.

Jacksonville Sheriff's Office, Dep. Of Corr.
Mike Williams, Sheriff
*Respondent One (1)*
*Chaplain* Dennis Degele

*Respondent Two (2)*

*Respondents.*
_____/

## AMENDED

## PETITION CIVIL ACTION FOR DAMAGES

COMES NOW the Petitioner, Mr. Samuel Maldonado, proceeding *pro se*, pursuant to *Florida Rules of Civil Procedure*, seeks compensation in the amount $5,000.000.00 (Five Million Dollars & Zero Cents) for the loss caused by the Defendants with respect to his civil rights violation of the Plaintiff by the Defendants.

**Plaintiff**

Plaintiff Samuel Maldonado is a 43 year old man who resides in New York City with his family. Mr. Maldonado use to work at All Tours and Attraction and is a

1

graduate in New York City were he received a High School diploma. MR. Maldonado is also an advocate for the Muslim community in New York City, his last civil rights walk was in 2015 for the sister Hajab walk, and is a member of MASJID AT-Taqwa 1188 Fulton Street Brooklyn New York (718) 622-0800 were he attends religious services every Friday.

Mr. Maldonado is a practicing Muslim and is and has been an adherent of the Muslim religion (since birth).

### Defendants

Defendants Make Williams is the sheriff of Jacksonville and is the head of the Jacksonville sheriff office. Consequently, he is legally responsible for the overall operation of the sheriffs office including the sheriffs office Department of Corrections, including the J.E. Goodie Pretrial Detention Facility, As such, he has overall supervisory responsibility for the policies and procedures of the (JSO) (DOC) and to make sure they are in accordance with all Federal, State, and municipal laws to corrections, At all times relevant to this Complaint, he was acting within the scope of his employment and under color of law. He is sued in both his individual and official capacities, and Defendant Chaplain John doe is responsible for all religious matters in the Duval county jail, He is also sued in both his individual and official capacities.

### Jurisdiction and Venue

1. The Petitioner is an individual, a citizen of the United States of America, currently detained at the Pretrial Detention Facility ("PDF"), 500 East Adams

Street, Jacksonville, FL 32202. The Matters arising, which caused this petition took place at the PDF.

2. Respondent One is a municipal agency whose place of business is 501 East Bay Street, Jacksonville, FL 32202. Respondent Two is a public official, namely the Sheriff of Jacksonville, whose principal place of business is the same as Respondent One. Both Respondents, at the material time, were responsible for the Petitioner's Constitutional rights being ensured to him, whilst he was detained at the PDF. This Court has jurisdiction, therefore, and the Venue is proper as all parties were resident in Duval County with respect to the substance of this petition.

**Factual Background**

3. On the 23rd of May 2017 the plaintiff ("MR. Maldonado") made a formal request to observe the Holy month of Ramadan. On the same day his request was granted by the chaplain at the JSO DOC'S PDF. Copies of the request were distributed to the services Lieutenant, The food service coordinator, the chaplain, and the inmates institutional file.

4. The request to observe the Holy month of Ramadan was made on official latter headed paper and was titled, Jails, Prisons and work Furlough Division Request to observe Ramadan fast". The request was clearly a request to observe Ramadan. Ramadan is clearly a Muslim observance, and a pillar of Islam".[1] The Defendant's

---

[1] The religion of Islam has five pillars, which must be observed, Shahada (Testification), Sallah (payer), Saum (Fasting), Zakat (Charity), Hajj (Pilgrimage)

3

would be under no illusion that this was a request to participate in an Islamic religious practice.

5. The request required the Plaintiff," to follow a few guidelines."

    a. You will receive a breakfast tray to be eaten before sunrise.
    b. You will...forfeit your lunch and dinner trays.
    c. You will be given two bag lunches after sun set.

6. There was an additional two other guidelines, but for this claim they are pertinent. However, guidelines one and two are pertinent to the present violation of the plaintiff's U.S. Constitutional Rights, and his Floridan Constitutional Right.

7. One entering the PDF the Plaintiff was advised that all the food served in the PDF was in effect Halal.[2] Therefore, the Plaintiff had no reason to suspect the food being served to him during the Holy Month of Ramadan was not Halal.

8. In order for meat to be halal the animal being slaughtered must be killed in a way prescribe in the Qur'an. The procedure for Halal butchery is not dissimilar to that of Kosher butchery, and in fact Kosher food is Halal (lawful) for Muslims to eat. However, during the entire month, The Holy month, of Ramadan the Defendants provided the Plaintiff with two bag lunches, which contained non halal meat. The Defendant did so knowing full well that the meat provided in the bag lunches were not halal or kosher.

9. To further compound this, the Defendants did this when the Defendants, at the time, had the ability to provide the Plaintiff with a kosher diet. In effect, the

---

[2] The Plaintiff was told that no pork was given to inmates at the PDF. Moreover, the Plaintiff, during a sit down conversation with the chaplain, was told that no pork products were served by food services, and therefore, the food was all Halal.

4

Defendants deliberately caused the Plaintiff to consume "haram" (unlawful) food for the entire holy month of Ramadan. It is common knowledge in the PDF that the bag lunches are Salami or Bologna, but the Defendants assert this Salami or Bologna is not pork and does not contain pork.[3]

10. Additionally, the Defendants on occasion provided the Plaintiff with his breakfast tray, which was not halal, after sunset. This would happen, predominantly, on the weekends when breakfast is served later.[4] When this would occur, the late serving of breakfast, the Plaintiff would not be able to eat his breakfast because the time for fasting had already begun. The relevant times and days are as follows:

1. 27th & 28th May 2017, fast began 05:11 – breakfast served about 05:30,
2. 3rd & 4th June 2017, fast began 05:08 – breakfast served about 05:30,
3. 10th & 11th June 2017, fast began 05:07 – breakfast served about 05:30,
4. 17th & 18th June 2017, fast began 05:07 – breakfast served about 05:30,
5. 24th June 2017, fast began 05:08 – breakfast served about 05:30.

11. On the aforementioned times the Plaintiff had to forfeit his breakfast due to guidance five of the request to observe Ramadan: Due to health regulations, at no time will food be held to be eaten at another time,"

In August 2017 the Petitioner learned that the food provided to him by the PDF was not lawful for Muslims ("Halal"). This prompted the Petitioner to request a Kosher diet, which was hidden from him by PDF authorities.

12. In the latter part of August the Petitioner met with the Chaplain with respect to his dietary request. The Chaplain advised the Petitioner that all meat served at the

---

[3] Even if this were true, but it is seriously in doubt, that meat is not halal or kosher.
[4] During the week the PDF provides breakfast at around 04:30 so as to make ready prisoners who are attending court. Those attending court are mustered at around 05:30. However, at the weekend breakfast is served at around 05:30-06:30 as there are no early courts.

PDF was turkey and that no Pork was served. However, The Petitioner advised the Chaplain that only Halal or Kosher food was permissible for Muslims to consume. At this point the Petitioner was asked to complete a written exam, of sorts, to verify he was in fact a Muslim – notwithstanding the fact that the Petitioner had fasted on the holy month of Ramadan after making a request to do so to the Chaplain [**Annex 1**].

13. After returning from the meeting with the Chaplain the Petitioner realized that during the holy month of Ramada he was served the same bag lunch, which was not suitable for Muslims. The Defendants served the Petitioner salami or bologna sandwiches after fasting [**Annex 1**]. At the end of August 2017 the Petitioner was finally provided with a Halal/ Kosher diet [**Annex 2**].

**(i) The Petitioner has a Clear Legal Right to the Free Exercise of His Religion**

14. The Petitioner is a Sunni Muslim. The religion of Islam is recognized, worldwide, as a valid religious practice with over 1 billion adherents. Therefore, the Petitioner has a clear legal right under the U.S. and Florida Constitutions. The 1st Amendment to the U.S. Constitution states:

> "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof;..."

1. Article 1 § 3 of the Florida Constitution States:

> "There shall be no law respecting the establishment of religion or prohibiting or penalizing the free exercise thereof..."

2. Section 3 of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") states:

Section 3 of RLUIPA, which concerns institutionalized persons, states:

> "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, ... even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person:
> (1) is in furtherance of a compelling governmental interest; and
> (2) is the least restrictive means of furthering that compelling governmental interest."

15. Both the U.S. and Florida Constitutions provide a clear legal right to the Petitioner to freely Practice his religion. Moreover, the RLUIPA of 2000 protects the free practice of religion with respect to institutionalized persons, i.e. prisoners and detainees.

16. The Petitioner, whilst detained in the PDF, on a regular basis comes up against islamaphobic behavior and remarks, from certain members of correctional staff, on a regular basis.

17. The Petitioner has been detained in the PDF since 17th January 2017, and has been denied the most basic items necessary for the free practice of his religion.

18. As a result of Defendant's conduct, Plaintiff suffered, extreme, humiliation, mental anguish, and emotional distress between the time of August 17 2017 and September 1, 2017 because the Petitioner had learned that the food provided to him by the PDF was not lawful for Muslims ("Halal"). This information was giving to the Muslim community by an officer an a staff member, and a trustee that worked in the food kitchen. Plaintiff has loss weight, because he would not eat the food, because it was not halal. Plaintiff was 210 pounds when the Plaintiff was extradited here on the 17 of January, and now plaintiff is 179.pounds.

19. Plaintiff was severely harmed in violation of his religious beliefs, when he found out he was eating UN-Halal food during the **Holy mouth of Ramadan**, Religious food in prison, Ford v. Mcginnis 352 F.3d 582,597 (2d cir 2003) Has a right to a diet consistent with his or her religious scruples.

21. Civil Code provides a civil action for damages for a person whose enjoyment of federal or state rights has been interfered with by a person who, whether or not acting under color of state law, interferes with that right.

22. Failure to provide Halal/Kosher Diet to Plaintiff between January 18, 2017 and September 1, 2017 has violated the Plaintiffs religious rights under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA")

23. Failure to accommodate the Plaintiffs Muslim fasting requirements during the holy mouth of Ramadan, has infringed on the Plaintiffs First amendments rights,

on June 2, 2017 the Plaintiff sent a grievance to the Chief to ask why the Muslims were being giving cold food, and if the food was Halal, and why the Muslims were not allowed to pray together, and break there fast together, the assistant chief response was because the kitchen was closed at 5pm and i could put on more staff but im not going to put on more staff to accommodate the Muslim fasting.

24. Plaintiff has has been denied by the chaplain a Muslim prayer schedule, the chaplains refusal to respond to any of the Plaintiffs many request for help in any Muslim matter. (Youngbear v. Thalacker 174 F. Supp. 2d 902,312 15 (n.d. Lowa 2001)

25. The actions of this jail and its staff member's are so basis and UN-constitutional against the Muslim community the Plaintiff has filed a complaint with the U.S Justice Department Special litigation section against the dual county jail and its members under case# 168-17M-0/599635.[Annex 3].

**Laws, Regulations, and Rights Violated**

The Plaintiff submits that the actions of the Defendants in feeding him non-halal food, knowingly, acted willingly, and discriminated with malicious intent and or reckless indifference violated his rights under the "free exercise clause" to the <u>U.S. Constitution. Equally, the Florida Constitution's Article I, which is analogous to the 1st Amendment to the U.S. Constitution</u>, has been violated by the Defendants actions. Finally, the Religious Land Use Institutionalized Persons Act 2000 was breached by the actions of the Defendants.

**Remedy & Relief**

26. The Plaintiff craves the court to award him damages in the amount of $5,000.000.00 (Five Million Dollars & Zero Cents) to compensate him for the loss of his rights under U.S. Constitution. Equally, the Florida Constitution's Article I, which is analogous to the 1st Amendment to the U.S. Constitution, and the Religious Land Use Institutionalized Persons Act 2000. The Plaintiff further craves the court to award him an amount to be determined by the court for psychological damage, mental anguish and pain and suffering.

## PRAYER FOR RELIEF

27. Plaintiff therefore respectfully request that the Court enter a judgment, including, but not limited to:

    a.    Compensatory damages in a amount to be proven at trail:

    b.    Punitive damages in an amount to be proven at trail;

    c.    Nominal damages;

    d.    Costs and reasonable attorney's fee; and

    e.    Such additional and further relief as the Court deems just & equitable.

    f.    Plaintiff also respectfully requests the court to appoint counsel.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I provided a true and correct copy of the foregoing in to the hands of a jail official for mailing to 501 W. Adams Street, Jacksonville, FL 32202, on this 3 day of November, 2017

Respectfully submitted,

The Plaintiff so Craves,

/s/ *[signature]*

Samuel Maldonado (2017001486)
Pretrial Detention Facility (PDF)
500 East Adams Street
Jacksonville, FL 32202

# VERIFICATION

STATE OF FLORIDA

COUNTY OF DUVAL

MR. **Samuel Maldonado**, THE ABOVE NAMED SAYS THAT THE CONTENT OF THE FOREGOING ARE WELL KNOWN TO HIM, AND THAT THE SAME IS TRUE TO HIS OWN KNOWLEDGE HE BELIEVES TO BE TRUE. THE FILLING PARTY IS RESPONSIBLE FOR SERVING A COPY OF ITS ATTACHMENTS UPON **The court AMENDED copy of case #16-2017-CA-6704**

# AFFIDAVIT OF SERVICE

I **Samuel Maldonado**, BEING DULY SWORN DEPOSES AND SAYS:

THAT I HAVE ON THE __3__ DAY OF __November__, 2017 PLACED AND SUBMITTED THE ORIGINAL COPIES TO **L.M. Perkins mail office** TO BE DULY MAILED VIA THE UNITED STATES POSTAL SERVICE, THROUGH THE INSTITUTIONAL MAIL-ROOM OF THE DUVAL COUNTY JAIL AT 500 EAST ADAMS STREET JACKSONVILLE FLORIDA, SAID PAPERS WERE MAILED TO THE FOLLOWING CONCERNED PARTIES. **Clerk of court 501 West Adams street Jax F.L. 32202**

**Note: Chaplain John Doe is now chaplain Dennis Degale**

## UNNOTARIZED OATH F.S. 92.525

I, under the penalty of perjury, I declare that I have read the foregoing and the facts stated therein are true and correct.

*/s/ Signature*