UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SAMUEL MALDONADO,

    Petitioner,

vs.                                          CASE NO.:  3:17-cv-1325-J-32-JBT

JACKSONVILLE SHERIFF'S OFFICE,
DEPARTMENT OF CORRECTIONS,
MIKE WILLIAMS, Sheriff, and
DENNIS DEGELE, Chaplain,

    Respondents.
_____/

**DEFENDANTS' MOTION FOR EXTENSION OF TIME
TO RESPOND TO AMENDED PETITION FOR DAMAGES**

      Defendants, the Jacksonville Sheriff's Office, Department of Corrections, Mike Williams, and Dennis Degele (collectively the "City"), by and through undersigned counsel, respectfully request the entry of an order extending the City's time in which to answer the *pro se* Plaintiff's "Amended Petition for Damages" ("Amended Complaint," Doc. 3), filed in state court November 3, 2017, and removed to this Court on November 27, 2017.  The City seeks through January 26, 2018, to respond to the Amended Complaint.  The grounds for this Motion are as follows:

      1.    The Plaintiff's Amended Complaint was removed to this Court because it claims the City violated his religious liberty under the federal Constitution and federal law.  (Doc. 1)  The City is due to respond to the Amended Complaint on December 4, 2017.  The Amended Complaint contains many complex factual allegations against the three Defendants that need to be properly investigated before an effective response can be filed.

1

2. Importantly, there is a related, older in time case filed by the Plaintiff in this Court, *Samuel Maldonado v. County of Duval (J.S.O. D.O.C.), et al.*, 3:17-cv-160-J-20-JBT, in which the Plaintiff makes additional factual claims and identical legal claims based on constitutional and federal law violations against the Defendants. The City filed a notice of pendency of related actions on November 30, 2017 (Doc. 4).

3. Respectfully, these two cases should be consolidated by the Court in the interest of judicial efficiency and effective use of resources, particularly because the Plaintiff is incarcerated and all of the City Defendants are employees of the Jacksonville Sheriff's Office acting within the scope of their official duties.

4. By Order of November 13, 2017 (Doc. 20 in the earlier case, attached hereto as Exhibit A), the Court ordered the U.S. Marshal to serve the older Third Amended Complaint on all of the Defendants by December 22, 2017. The Court then gave all of the Defendants sixty (60) days from the date of service to respond to the Third Amended Complaint. The Defendants in that older case (except for the "Doe" defendants) were served on November 27, 2017, making the response in that case due on January 26, 2018.

5. Because the two cases are wholly related and should be consolidated into one proceeding, the City requests sixty (60) days from the date of service of the older case (3:17-cv-160-J-20JBT) in which to respond to the Amended Complaint in this case, thereby responding to all of the allegations at once. In other words, once the Court consolidates the cases, it could set the response date for the entire proceeding no later than January 26, 2018.

6. This motion is made in good faith and the relief requested will not prejudice either party in this matter.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 6(b) provides that "[w]hen an act may or must be done

within a specified time, the court may, for good cause, extend the time … with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]" Fed.R.Civ.P. 6(b)(1)(A). By its express terms, the Rule affords courts wide discretion to enlarge time periods. *See Woods v. Allied Concord Fin. Corp.*, 373 F.2d 733, 734 (5th Cir. 1967). Enlargements of time should be available when a party demonstrates a reasonable basis for such a request. *See Beaufort Concrete Co. v. Atl. States Constr. Co.*, 352 F.2d 460, 462 (5th Cir. 1965).

Here, respectfully, the two cases should be consolidated, and as such, in the interest of efficiency and conservation of resources, the City should have the time set to respond to the earlier case set as the time to respond to both cases.

## LOCAL RULE 3.01(g) CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 3.01(g), the City sent the attached correspondence to the *pro se* Plaintiff, who is incarcerated at the Pre-trial Detention Facility. *See* Exhibit B. The City was unable to confer with the incarcerated Plaintiff and has not yet heard back in response to the attached letter. However, Plaintiff will not be prejudiced by having all of his allegations against the Jacksonville Sheriff's Office (the City) responded to at the same time.

**WHEREFORE**, Defendants respectfully request a minimum of **sixty (60) days** from service on all Defendants in 3:17-cv-160-J-20-JBT, which would be up to and including **January 26, 2018,** in which to respond to the Third Amended Complaint in that case as well as the Amended Complaint in this newer, but very related, removed federal case.

Respectfully submitted,

**OFFICE OF GENERAL COUNSEL**

*/s/ Craig D. Feiser*
**Craig D. Feiser**
**Assistant General Counsel**

        Florida Bar No.: 164593
        **Michael B. Wedner**
        **Senior Assistant General Counsel**
        Florida Bar No.: 287431
        117 West Duval Street, Suite 480
        Jacksonville, Florida 32202
        Telephone:  (904) 630-1700
        Facsimile:  (904) 630-1316
        cfeiser@coj.net
        mwedner@coj.net
        Attorneys for Defendants

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 4th day of December 2017, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and sent the foregoing via U.S. Mail to: Samuel Maldonado (2017001486), Pre-trial Detention Facility, 500 E. Adams Street, Jacksonville, FL 32202.

        */s/ Craig D. Feiser*
        Craig D. Feiser
        Assistant General Counsel

# EXHIBIT A

RECEIVED U.S. MARSHAL
M/FL JACKSONVILLE
2017 NOV 15 AM 10:39

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

SAMUEL MALDONADO,

        Plaintiff,

v.                                           Case No. 3:17-cv-160-J-20JBT

COUNTY OF DUVAL (JSO D.O.C.),
et al.,

        Defendants.
_____

## ORDER

1. Plaintiff's Motion Requesting Appointment of Counsel (Doc. 12) is **DENIED without prejudice**. A plaintiff in a civil case does not have a constitutional right to counsel, and courts have broad discretion in deciding whether to appoint counsel. Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). A court should appoint counsel in a civil case only in "exceptional circumstances." Id. In determining whether to appoint counsel, a court may consider the type and complexity of the case, whether the plaintiff can adequately investigate and present his case, and whether the case will require skill in presenting evidence and in cross-examination. Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982) (cited with approval in Smith v. Fla. Dep't of Corr., 713 F.3d 1059, 1065 n.11 (11th Cir. 2013)).

This case is not so complex legally or factually to prevent Plaintiff from presenting the essential merits of his position.

I CERTIFY THE FOREGOING TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL
CLERK OF COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
BY: _____
DEPUTY CLERK

the Court. At this early stage of the proceeding, the Court finds that Plaintiff has not shown exceptional circumstances that would warrant the appointment of counsel at this time. The Court, however, may sua sponte reconsider Plaintiff's request if circumstances of the case change (for example, if the case proceeds to trial).

2. The Court will direct service of process upon the Defendants with all costs advanced by the United States.

3. The U.S. Marshal or a Deputy U.S. Marshal shall serve a copy of the Third Amended Complaint (Doc. 10) and this Order upon the Defendants by **December 22, 2017**:

   (a) **County of Duval (JSO D.O.C.)** and **Sheriff Mike Williams** at **Jacksonville Sheriff's Office**, 501 East Bay Street, Jacksonville, Florida 32202;

   (b) **F. D. Williams, G. Augustine, J. M. Perkins,** and **Chaplain of Religious Services** at **Duval County Jail**, 500 E. Adams Street, Jacksonville, Florida 32202.

The server must complete and sign a USM-285 form for the Defendants and return them to the Court as proof of service. If any completed form contains the Defendant's home address or other personal information, the form shall be filed in camera.

4. Defendants must answer or otherwise respond to the Third Amended Complaint within **60 days** from service of process.

5. Before counsel has appeared for Defendants, Plaintiff must provide Defendants with a copy of every further paper

2

submitted to be filed. After counsel has appeared for Defendants, the copy must be sent directly to counsel for Defendants rather than to Defendants personally. Plaintiff must include with each paper a certificate stating the date that an accurate copy of the paper was mailed to Defendants or counsel for Defendants. The Court will strike any paper submitted to be filed and considered by the Court that does not include a certificate of service upon Defendants or counsel for Defendants.

6. Plaintiff must let the Court know about any change of address. He must include the address change and effective date in the document entitled, "Notice to the Court of Change of Address." He should not include any other requests or motions in the notice. A plaintiff's failure to keep the Court apprised of a current address results in plaintiff's failure to timely respond to Court orders. Such failure will not be excused and may result in a dismissal for failure to prosecute.

7. The parties must mark for identification all transcripts, briefs, affidavits, and other documentary exhibits and submit a table of contents or index (with a title, description, and date of each document). The Court will strike and return any exhibits that do not comply with these requirements.

8. If Defendants file a motion to dismiss, Plaintiff has **30 days** to respond. Plaintiff must timely respond to any motion to

3

dismiss. **Plaintiff is cautioned that the granting of a motion to dismiss would be an adjudication of the claim and could foreclose any subsequent litigation of the matter.** If Defendants file a motion to dismiss supported by affidavits or other documents, the Court will construe the motion to dismiss as a motion for summary judgment, and Plaintiff will have **30 days** to respond. Plaintiff must timely respond to any motion to dismiss that the Court construes as a motion for summary judgment.

9. If Defendants file a motion for summary judgment, Plaintiff has **30 days** to respond. Plaintiff must timely respond to any motion for summary judgment. **Plaintiff is cautioned that the granting of a motion for summary judgment would be an adjudication of the claim and could foreclose any subsequent litigation of the matter.**

In preparing a response to a motion to dismiss (construed as a motion for summary judgment), or a motion for summary judgment, Plaintiff should review Federal Rule of Civil Procedure 56. Rule 56 provides that when a motion for summary judgment is supported by affidavits or other documents, the party opposing the motion may not depend upon mere allegations in his pleadings to counter it. The party opposing the motion must respond with counter sworn affidavits or other documents to set forth facts showing there is a genuine issue of material fact in dispute. If the opposing party

4

fails to respond to the motion or responds, but the response does not comply with the Rule 56 requirements, the Court may declare as true the facts in the affidavits or other documents supporting the motion and that there is no genuine issue of material fact in dispute. If that happens, (a) the party or parties who filed the motion would be entitled to have the motion granted and final judgment entered in his or their favor based on the pleadings, affidavits, and other documents, (b) there would be no trial, and (c) the case would be terminated.

10. Plaintiff may file a motion for voluntary dismissal of the case at any time if he decides that he does not want to pursue it. He should consider the running of the statute of limitations in making his decision.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of November, 2017.

	*Joel B. Toomey*
	JOEL B. TOOMEY
	United States Magistrate Judge

caw 11/13
c:
Samuel Maldonado, #2017001486
U.S. Marshal

5

# EXHIBIT B

# OFFICE OF GENERAL COUNSEL
## CITY OF JACKSONVILLE

**JASON R. GABRIEL***
GENERAL COUNSEL

ASHLEY B. BENSON
JODY L. BROOKS
WENDY E. BYNDLOSS
KAREN M. CHASTAIN
DERREL Q. CHATMON
JEFFERY C. CLOSE
JULIA B. DAVIS
STEPHEN M. DURDEN
CRAIG D. FEISER
GILBERT L. FELTEL, JR.
SONDRA R. FETNER
LOREE L. FRENCH
CHRISTOPHER GARRETT
SEAN B. GRANAT
SUSAN C. GRANDIN
KATY A. HARRIS
LAWSIKIA J. HODGES
SONYA HARRELL HOENER
PAIGE HOBBS JOHNSTON
EMERSON M. LOTZIA



CITY HALL, ST. JAMES BUILDING
117 WEST DUVAL STREET, SUITE 480
JACKSONVILLE, FLORIDA 32202

RITA M. MAIRS
JAMES R. MCCAIN JR.
WENDY L. MUMMAW
KELLY H. PAPA
TRACEY KORT PARDE
JACOB J. PAYNE
GAYLE PETRIE
JON R. PHILLIPS
CHERRY SHAW POLLOCK
STEPHEN J. POWELL
TIFFINY DOUGLAS SAFI
R. ANTHONY SALEM
JOHN C. SAWYER, JR.
MARGARET M. SIDMAN
SANDRA P. STOCKWELL
JASON R. TEAL
ADINA TEODORESCU
MICHAEL B. WEDNER
STANLEY M. WESTON
GABY YOUNG

*BOARD CERTIFIED CITY, COUNTY
AND LOCAL GOVERNMENT LAW

November 27, 2017

**VIA U.S. MAIL**
Samuel Maldonado
#2017001486
Duval County Pre-trial Detention Facility
500 East Adams Street
Jacksonville, FL 32202

    Re:    Samuel Maldonado v. Jacksonville Sheriff's Office, et al.
            Samuel Maldonado v. Jacksonville Sheriff's Office, et al.
            Case Nos. 3:17-cv-160-J-20JBT (federal court)
            16-2017-CA-6704 (state court, removed to federal court 11/27)

Dear Mr. Maldonado:

    I represent the Defendants in your two pending cases above, both of which are now in federal court, United States District Court, Middle District of Florida. My response to the latter case, originally filed in state court but removed to federal court today, is due to be filed on December 4, 2017. However, I intend to ask the federal court to consolidate both cases before one judge, as they involve similar claims against JSO and its officials.

    By order of November 14, 2017, the federal court requited the U.S. Marshals Service to serve all Defendants with a copy of your amended complaint, after which they will have sixty (60) days to respond to the Complaint. Not all Defendants have yet been served. Therefore, I intend to ask the court to extend the time for all Defendants to respond to both complaints up to sixty (60) days from service of all Defendants.

---

| Office Telephone | Writer's Direct Line | Facsimile | Writer's E-Mail Address | Office Web Site |
|---|---|---|---|---|
| (904) 630-1700 | (904) 630-1840 | (904) 630-1316 | CFeiser@coj.net | GeneralCounsel.coj.com |

December 4, 2017
Page 2

    Please let me know as soon as possible, and prior to December 4, whether you will consent to this motion. I believe it will foster efficiency and preserve the Court's resources.

    Thank you for your attention to this matter.

                           Sincerely,

                           /s/ Craig D. Feiser (original mailed 11/27/17)

                           Craig D. Feiser
                           Assistant General Counsel